08-3583-ag
Gomes v. Holder

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan Courthouse, 500 Pearl Street, in the City of New York, on the 20th day of April, two thousand ten.

Present:
        GUIDO CALABRESI,
        CHESTER J. STRAUB,
        ROBERT A. KATZMANN,
           *Circuit Judges*.

_____

FRANCO GOMES,

        *Petitioner*,

           v.                No. 08-3583-ag

ERIC H. HOLDER, JR., U.S. ATTORNEY GENERAL,

        *Respondent*.[*]

_____

  For Petitioner:                  PAUL O'DWYER, New York, NY

_____

[*] Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Eric H. Holder, Jr. is automatically substituted for former Attorney General Michael B. Mukasey as respondent in this case.

For Respondent: TERRI LEÓN-BENNER, Trial Attorney (Gregory G. Katsas, Assistant Attorney General, Barry J. Pettinato, Assistant Director, *of counsel*), Office of Immigration Litigation, U.S. Department of Justice, Washington, DC

**UPON DUE CONSIDERATION** of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby **ORDERED**, **ADJUDGED**, and **DECREED** that the petition for review is **GRANTED** in part and **DISMISSED** in part.

Franco Gomes, a native and citizen of Bangladesh, seeks review of a July 3, 2008 order of the BIA affirming the June 28, 2007 decision of the Immigration Judge ("IJ"), which denied Gomes's motion to reopen his deportation proceedings. *In re Franco Gomes*, No. A73 056 472 (BIA July 3, 2008). We assume the parties' familiarity with the underlying facts and procedural history of the case.

We review the BIA's denial of a motion to reopen for abuse of discretion. *Qin Wen Zheng v. Gonzales*, 500 F.3d 143, 146 (2d Cir. 2007). "An abuse of discretion may be found in those circumstances where the Board's decision provides no rational explanation, inexplicably departs from established policies, is devoid of any reasoning, or contains only summary or conclusory statements; that is to say, where the Board has acted in an arbitrary or capricious manner." *Kaur v. BIA*, 413 F.3d 232, 233-34 (2d Cir. 2005) (per curiam) (internal quotation marks omitted). "When the BIA issues an opinion, the opinion becomes the basis for judicial review of the decision of which the alien is complaining." *Yan Chen v. Gonzales*, 417 F.3d 268, 271 (2d Cir. 2005) (internal quotation marks omitted). Where the BIA adopts and supplements the opinion of the IJ, we review the IJ's decision as supplemented by the BIA. *Id.* Where,

however, the BIA adopts certain aspects of the IJ's decision but declines to adopt others, we review the IJ's decision as modified by the BIA's decision; in other words, we do not consider those aspects of the IJ's decision that the BIA rejected. *See Ming Xia Chen v. BIA*, 435 F.3d 141, 144 (2d Cir. 2006).

Here, the BIA specifically affirmed the IJ's finding that Gomes had failed to establish that country conditions in Bangladesh had materially changed since 1998, when he filed his first application for asylum, adding its own explication of the relevant facts. It explicitly did not adopt the IJ's alternative finding that Gomes's motion to reopen should be denied on the basis of the fugitive disentitlement doctrine, *see generally Qian Gao v. Gonzales*, 481 F.3d 173 (2d Cir. 2007), so we do not consider that issue here.[1] In addition, it made no mention whatsoever of the IJ's assertion that the motion was untimely because the petitioner delayed unreasonably by filing it in 2007, when the evidence indicated that the change in country conditions in Bangladesh had occurred by 2005. Because the BIA did not mention this assertion and went on to address the merits of the changed country conditions issue, we assume that it did not adopt this aspect of the IJ's decision and, again, do not consider this issue here.

We do not agree with the petitioner that the BIA applied an erroneous legal standard in reaching the conclusion that Gomes failed to establish changed country conditions. Although the BIA used the phrase "fundamentally changed" in its discussion of country conditions in Bangladesh, it correctly cited the requirement of 8 C.F.R. § 1003.23(b)(4)(i) that a motion to reopen outside of the 90-day time limitation based on changed country conditions must be supported by evidence that "is material and was not available and could not have been

---

[1] In addition, the government does not raise this issue in its brief.

3

discovered or presented at the previous proceeding."

We find, however, that the BIA's conclusion that Gomes failed to proffer material evidence of changed circumstances in Bangladesh was an abuse of discretion. The BIA focused on the fact that both Gomes's initial asylum application and his recent asylum application alleged attacks on and threats against his family on the basis of their Christian religion. It did not discuss, except in making a glancing reference to "recent attacks against members of certain religious groups," J.A. 137, the 2006 and 2007 Annual Reports of the United States Commission on International Religious Freedom or the affidavit from John Adams, a professor of South Asian Studies, all of which indicated that persecution of religious minorities in Bangladesh worsened markedly in 2001 and took another turn for the worse in 2005. We have previously held that the BIA abused its discretion by summarily dismissing similar evidence that persecution of a religious minority had intensified in an alien's country of nationality or removal. *Poradisova v. Gonzales*, 420 F.3d 70, 81-82 (2d Cir. 2005). As we stated in *Poradisova*,

> When an applicant moves to reopen his case based on worsened country conditions, and introduces previously unavailable reports that *materially* support his original application, the BIA has a duty to consider these reports and issue a reasoned decision based thereon, whether or not these reports are clearly determinative.

*Id.* at 78; *see also id.* at 81 ("IJs and the BIA have a duty to explicitly consider any country conditions evidence submitted by an applicant that materially bears on his claim. A similar, if not greater, duty arises in the context of motions to reopen based on changed country conditions."). Contrary to the conclusion of the BIA, the fact that the petitioner's new asylum application is predicated on the same basic fear of harassment, threats, and violent attacks that motivated his initial asylum application does not itself demonstrate that changed circumstances do not exist. Evidence that the risk, although not the type, of persecution has changed for the

4

worse must be considered.  *Id.*; *see also Norani v. Gonzales*, 451 F.3d 292, 294-95 (2d Cir. 2006) (per curiam) (finding that the BIA abused its discretion in failing to consider various reports that described increasing persecution of religious minorities in the petitioners' country of nationality).  Accordingly, we find that the BIA abused its discretion in failing to consider the reports and the Adams affidavit.

Finally, petitioner argues that the IJ improperly denied his motion to reopen in order to seek relief under the Convention Against Torture ("CAT").  However, Gomes made no mention of his CAT claim in his arguments to the BIA appealing the IJ's denial of his motion.  He has therefore failed to exhaust his administrative remedies, and this issue is not properly before us. *Ivanishvili v. U.S. Dep't of Justice*, 433 F.3d 332, 343 (2d Cir. 2006).  This aspect of Gomes's petition for review is, accordingly, dismissed.

For the foregoing reasons, the petition for review is **GRANTED** in part and **DISMISSED** in part and the case is **REMANDED** for further proceedings consistent with this order.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, CLERK

5